State v. Warren

STATE OF NORTH CAROLINA v. ALTON EARL WARREN

No. 834SC859

(Filed 20 March 1984)

1. **Criminal Law §§ 26.5, 92.3— failure to join offenses—indictments in subsequent charges not brought when trial on first charge had**

   G.S. 15A-926(c)(2), dealing with failure to join related offenses, does not apply when indictments in the subsequent charges had not been brought when trial was had on the first charge. Therefore, where indictments for burglary and larceny were non-existent when defendant was tried for murder, the trial court properly denied his motion to dismiss the charges in this case for the State's failure to join him with the charge of murder at defendant's earlier trial.

2. **Criminal Law § 26— rights against double jeopardy not violated with separate trials for murder and for burglary and larceny**

   Defendant's rights against double jeopardy, under the Fifth Amendment to the Constitution of the United States, were not violated where he was tried for burglary and larceny after being tried for murder where the evidence tended to show that defendant went to the victim's residence on the day of her death, whereupon she admitted defendant, who was her friend and lover; after a brief interlude, the victim was shot and killed with a gun defendant brought with him to her residence; after realizing the victim was dead, defendant attempted to leave the scene in his own car; when his car became stuck in a ditch, defendant returned to the victim's residence, broke in, took her purse and car keys and left the scene. Such evidence showed separate crimes for which defendant was not tried at his first trial, and thus the State was not estopped or barred from proceeding to trial on the charges in this case.

   Judge PHILLIPS dissenting.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 30 March 1983 in Duplin County Superior Court. Heard in the Court of Appeals 10 February 1984.

At the 12 July 1982 term of Superior Court for Duplin County, defendant was tried for the murder of Dorothy Peterson which occurred on 28 January 1982. Defendant was convicted of manslaughter and received a sentence of six years. On 17 January 1983, defendant was indicted for first degree burglary of Ms. Peterson's home on 28 January 1982 and for the larceny of Ms. Peterson's purse following the breaking and entering of her residence. Upon defendant's convictions on these charges, defendant was sentenced to prison terms of fourteen years for the burglary

and three years for the larceny. From these sentences, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Bailey & Raynor, by Edward G. Bailey and Glenn O'Keith Fisher, for defendant.*

WELLS, Judge.

[1] In his first assignment defendant contends that the trial court erred in denying his motion to dismiss the charges in this case for the state's failure to join them with the charge of murder at defendant's 1982 trial. Defendant contends that at the time of his murder trial the prosecutor had sufficient evidence to warrant trying defendant on the burglary and larceny charges, and that he was therefore entitled to dismissal pursuant to N.C. Gen. Stat. § 15A-926(c) (1983), which provides:

. . .

(c) Failure to Join Related Offenses.

(1) When a defendant has been charged with two or more offenses joinable under subsection (a) his timely motion to join them for trial must be granted unless the court determines that because the prosecutor does not have sufficient evidence to warrant trying some of the offenses at that time or if, for some other reason, the ends of justice would be defeated if the motion were granted. A defendant's failure to make this motion constitutes a waiver of any right of joinder of offenses joinable under subsection (a) with which the defendant knew he was charged.

(2) A defendant who has been tried for one offense may thereafter move to dismiss a charge of a joinable offense. The motion to dismiss must be made prior to the second trial, and must be granted unless

a. A motion for joinder of these offenses was previously denied, or

b. The court finds that the right of joinder has been waived, or

c. The court finds that because the prosecutor did not have sufficient evidence to warrant trying this offense at the time of the first trial, or because of some other reason, the ends of justice would be defeated if the motion were granted.

. . .

Accepting for the sake of defendant's argument that this record tends to show that the prosecutor had sufficient evidence to try defendant on the burglary and larceny charges when defendant was tried for murder, our supreme court held in *State v. Furr*, 292 N.C. 711, 235 S.E. 2d 193, *cert. denied*, 434 U.S. 924, 98 S.Ct. 402, 504 L.Ed. 2d 281 (1977), that G.S. § 15A-926(c)(2) does not apply when indictments in the subsequent charges had not been brought when trial was had on the first charge. In the case before us, the indictments for burglary and larceny were non-existent when the defendant was tried for murder. Although we do not find the court's logic in *Furr* persuasive, we are, nevertheless, bound by the decision. The court's decision in *Furr* is clearly controlling in this case, and this assignment of error must therefore be overruled. *See also State v. Jones*, 47 N.C. App. 554, 268 S.E. 2d 6 (1980), following and relying on *Furr*.

[2] In his second assignment of error, defendant contends that his rights against double jeopardy, under the Fifth Amendment to the Constitution of the United States, were violated in this trial. We disagree. Although it is clear from the record in this case that the state, in effect, put on its murder case in the trial of defendant for burglary and larceny, the ultimate issues tried were not the same. The evidence in the case tends to show that defendant went to Ms. Peterson's residence on the day of her death, whereupon she admitted defendant, who was her friend and lover. After a brief interlude, Ms. Peterson was shot and killed with a gun defendant brought with him to her residence. After realizing Ms. Peterson was dead, defendant attempted to leave the scene in his own car. When his car became stuck in a ditch, defendant returned to the Peterson residence, broke in, took her purse and car keys and fled the scene. Such evidence shows separate crimes for which defendant was not tried at his first trial, and thus the state was not estopped or barred from proceeding to trial on the charges in this case. *See State v. Furr, supra.* This assignment is overruled.

We have examined defendant's other assignments of error and the arguments in their support, find them to be entirely without merit and therefore overrule them without discussion.

No error.

Judge BRASWELL concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the defendant's conviction should be set aside because of the State's failure to indict and try him for burglary at the same time he was indicted and tried for murder. Except for an empty pocketbook of little intrinsic or probative value, virtually all the evidence in this case was introduced in the murder case and was available to the State before they elected to try him just for murder. The State had evidence that the decedent's house was broken into, she was killed therein, her car keys, pocketbook, and car were taken, and defendant had the car and keys. Finding the empty pocketbook, which the State already had evidence of, added nothing material to the case, in my opinion. I deduce from the record that the State elected not to prosecute defendant for burglary at first because it was expected that he would be convicted of murder and punished to their satisfaction. Having so decided and subjected the defendant to the jeopardy of trial, the State should be bound thereby, even though the defendant was convicted only of manslaughter and received a lighter sentence than the State expected. Nor do I think that State v. Furr, supra, is controlling, as the majority holds. In that case, according to the Court, there was no indication in the record that the subsequent indictments were held back pending the outcome of the first trial; in this case, however, the indication is otherwise, at least to me.